

FILED
Sep 20, 2018
01:25 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Willie Jefferson | ) | Docket No. 2017-08-0964 |
| | ) | |
| v. | ) | State File No. 74073-2017 |
| | ) | |
| Solae, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

### Affirmed and Remanded—Filed September 20, 2018

---

The employee alleged suffering from an occupational illness resulting in end-stage renal failure that he developed while performing his job duties cleaning and packaging protein powder in his employer's plant. Following an expedited hearing, the trial court found the employee failed to present medical evidence that his renal failure was causally related to his employment and denied benefits. The employee has appealed. We affirm the trial court's decision, deem the appeal frivolous but exercise our discretion not to award attorneys' fees and expenses, and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Willie Jefferson, Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller and Matthew R. Macaw, Memphis, Tennessee, for the employer-appellee, Solae, LLC

### Memorandum Opinion[1]

Willie Jefferson ("Employee") worked for Solae, LLC ("Employer"), performing various jobs related to the manufacturing of protein powder.[2] During the course of

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

Employee's employment, it was discovered in 2003 that he had elevated levels of protein in his blood. He reportedly notified his supervisor of his condition and the fact that he believed it was a result of his employment, but he was not provided a panel of physicians at that time. Employee retired in 2016, and he now undergoes dialysis to address his kidney disease.

Employee filed a petition seeking workers' compensation benefits for his renal disease, apparently on the theory that years of exposure to protein powder resulted in his illness. Employer submitted an "Attending Physician Statement" completed by Dr. Geeta Gyamlani, Employee's physician, indicating his condition was not due to his employment. Other medical records admitted into evidence indicate the cause of Employee's kidney disease was unknown. Employee maintained his employment was the cause of his renal failure, although he acknowledged the medical records do not support that position. He submitted no medical documentation to contradict the medical records provided by Employer.

The trial court found Employee presented insufficient evidence that he suffered from an occupational illness or disease and denied his request for benefits. According to the trial court, "the entirety of the medical proof was contrary to his position." Employee appealed, stating as the basis for his appeal that "[t]he case was not ruled in employee [sic] favor. This case needs to be reviewed by the appeals board." However, Employee did not submit a brief on appeal identifying any alleged errors made by the trial court or providing any argument to support his position on appeal.[3] Moreover, he did not file a transcript or a statement of the evidence.

In the absence of a record of the testimony presented at the expedited hearing, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Thus, consistent with established Tennessee law, we presume that the trial court's decision was supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume

---

[2] Neither party has submitted a transcript or a statement of the evidence. Thus, we have gleaned the facts from the trial court's order and the record on appeal.

[3] Employer also did not submit a brief on appeal. On September 4, 2018, after the briefing period had expired and after we had received the record on appeal, Employer filed a "Motion to Affirm Trial Court's Expedited Hearing Order Denying Requested Benefits." We presume Employer intended its motion to serve the function of a brief. However, the motion was filed well after the time for filing a brief had expired and was not accompanied by a request that we accept a late-filed brief. Accordingly, we have not considered Employer's motion or the arguments made therein.

that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Furthermore, Employee's failure to file a brief significantly hampers appellate review. Employee has not raised any issues on appeal for our review or described any errors allegedly made by the trial court in its determination of the case. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits.

Finally, we deem this appeal to be frivolous. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Stated another way, "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015). Employee's failure to identify any issues for our review, provide a record of the testimony presented to the trial court, or provide any argument as to how the trial court erred results in this appeal having no reasonable chance of succeeding. However, we exercise our discretion not to award attorneys' fees or other expenses at this time. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018).

The trial court's decision is affirmed, and the case is remanded.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Willie Jefferson ) | Docket No. 2017-08-0964 |
| ) | |
| v. ) | State File No. 74073-2017 |
| ) | |
| Solae, LLC, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Amber E. Luttrell, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of September, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Willie Jefferson | X | | | | | 4116 Marty Street Memphis, TN 38109 |
| Stephen Miller | | | | | X | smiller@mckuhn.com |
| Timothy Kellum | | | | | X | timothy.kellum@tn.gov |
| Amber E. Luttrell, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov